**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| **PAMELA SWAIN; ESTATE OF BRENDA SWAIN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | **6:25-cv-00053-RSB-CLR** |
| | ) | |
| | ) | **(Removed from the Superior Court of** |
| **NEWREZ, LLC d/b/a** | ) | **Tattnall County, Georgia; Civil Action** |
| **SHELLPOINT MORTGAGE** | ) | **No. 25CV00191)** |
| **SERVICING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE
SERVICING'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing (hereinafter "Shellpoint" or "Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), files this Memorandum in Support of its Motion to Dismiss. Shellpoint asks the Court to dismiss this action for the following reasons:

**<u>First</u>**, the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Plaintiffs have not requested nor issued summons or other process to Shellpoint. Even according to Plaintiffs' own purported proof of service, Plaintiffs did not serve Shellpoint's registered agent or

1

an official authorized to accept service in Georgia on Shellpoint's behalf, nor was a summons and complaint left with Shellpoint's registered agent or official. These deficiencies are fatal and require dismissal of this action.

**Second**, the Estate of Brenda Swain is an entity or party that must be represented by counsel. It is not represented by counsel in this action. Absent counsel, the claims asserted on behalf of the Estate are improper.

**Third**, the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails even the most basic and fundamental requirements to state a claim against Shellpoint. Plaintiffs (1) have not identified an agreement between Plaintiffs and Shellpoint that Shellpoint is alleged to have breached, (2) have not pled fraud with particularity, (3) assert a fraud claim against Shellpoint with no supporting facts, and (4) assert a wrongful foreclosure claim against Shellpoint for a foreclosure that never happened and is not currently scheduled to happen.

At the end of the day, this action is meritless and nothing more than a misguided campaign against a mortgage loan servicer. In fact, this the second action filed by Plaintiff Pamela Swain against Shellpoint. This Court should dismiss this action and not permit this campaign of abuse and harassment to continue.

2

## FACTUAL AND PROCEDURAL HISTORY

This is a removal action. Plaintiffs initiated this action by filing suit against Shellpoint in the Superior Court of Tattnall County, Georgia on March 31, 2025. Plaintiffs generally allege in the Complaint that Shellpoint canceled a flood insurance and failed to pay property taxes related to the property that is the subject of the Complaint and that these actions constitute breach of contract, fraud, and wrongful foreclosure. (*See generally* Doc. 1-1.)

Plaintiffs appear to identify two contracts in the Complaint. The first, described as the "original mortgage," is a contract between Brenda Swain, the Estate's decedent, and Truist Bank, which is not a party to this action. (*Id.*, p. 2.) The second contract is apparently a loan between Brenda Swain and Shellpoint. (*Id.*, p. 2.) Plaintiff Pamela Swain is not alleged to be a party to either contract, only Brenda Swain or the Estate. (*See generally id.*) Plaintiff Pamela Swain is apparently the executor of the Estate of Brenda Swain. (*See generally id.*)

Plaintiffs allege that Shellpoint breached the terms of the original mortgage contract when it failed to notify the Estate that it would not make property tax payments for the real property commonly known as 1553 Community Rd., Glennville, Georgia (the "Property"). (*Id.*, p. 3.) Plaintiffs also allege that Shellpoint breach an unidentified contract when it cancelled the flood insurance for the Property, (*id.*, p.4); that Shellpoint attempted an illegal foreclosure on the

3

Property in violation of the "Federal Stafford Law of Disasters," (*id.*, p.4); and that

Shellpoint conspired with others to steal the Property from Plaintiffs. (*Id.*, p.5.)

At no point does the Tattnall Superior Court docket reflect that Plaintiffs

requested the issuance of any summons. (*See generally id*.)  Likewise, the docket

does not reflect that any summons was ever issued. (*See generally id*.)

Plaintiffs filed an Affidavit of Service purporting to have served Shellpoint.

(*See Id.* a p. 10.) In his affidavit, Officer Holze purports to have served Shellpoint

by leaving a copy of the Complaint with Tammy Foster, a Shellpoint Loan Admin

QA Specialist authorized to accept subpoenas, at 75 Beattie Place, Greenville,

South Carolina 29601:

> I, Gregory Holze, being duly sworn, depose and say: I am over the age of 21 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein
>
> **Recipient Name / Address:**   Tammy Foster, 75 Beattie Place, Greenville, SC 29601
> **Manner of Service:**   Business, Apr 30, 2025, 1:29 pm EDT
> **Documents:**   Complaint (Received Apr 8, 2025 at 11:23am EDT)
>
> **Additional Comments:**
> 1) Successful Attempt: Apr 30, 2025, 1:29 pm EDT at 75 Beattie Place, Greenville, SC 29601 received by Tammy Foster. Age: 50s; Ethnicity: Caucasian; Gender: Female; Weight: 175; Height: 5'3"; Hair: Brown; Eyes: Brown; Other: Wore glasses;
> Attempted service at the address provided. I was directed to the 3rd floor from lobby receptionist. I spoke with Tammy Foster, Loan Admin QA Specialist at Shellpoint/Newrez front desk. She is authorized as per protocol to accept all subpoenas. She accepted service on behalf of Shellpoint/Newrez without incident.

*Id.* Ms. Foster is not Shellpoint's registered agent for service in Georgia and she is

not authorized to accept service on its behalf.[1] Plaintiffs have not served Shellpoint

properly with a copy of the Summons and Complaint in this action. (*See id.*)

---

[1] *https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1373287&businessType=Foreign%20Limited%20Liability%20Company&fromSearch=True*. *Judicial* notice can be taken of this fact under Fed. R. Evid. 201 as a matter not in dispute.

Although it had never been properly served, on June 20, 2025, Shellpoint removed this action to this Court.

## LEGAL STANDARD

**I.   Insufficiency of process, insufficiency of service of process, and personal jurisdiction – Fed. R. Civ. P. 12(b)(2), (4), and (5).**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *see also Hall v. Young L.G. Harris College*, 38 Ga. App. 662, 662 (1928) ("Process is a mandatory precept."). "'A summons ... must be issued for each defendant to be served.'" *King v. City of Waycross, Ga.*, No. CV 514-32, 2015 WL 1525251, at *4 (S.D. Ga. Mar. 31, 2015) (quoting Fed. R. Civ. P. 4(b)); *see also* O.C.G.A. § 9-11-(4)(b).

When a summons either is not served or does not comply with the requirements of Fed. R. Civ. P. 4(b), upon motion by the defendant, the court should dismiss the complaint. *See e.g. King*, 2015 WL 1525251, at *4-5 (dismissing complaint when plaintiff failed to serve defendant with summons complying with Rule 4(b)); *Sharpe v. Great Midwest Ins. Co*., 344 Ga. App. 208, 212 (2017) (affirming complaint dismissal when summons not served because "proper service of a summons is necessary for the court to obtain jurisdiction over a defendant"). Plaintiffs did not accomplish service of the Summons and

Complaint that was sufficient under Fed. R. Civ. P. 4(e)(1), O.C.G.A. § 9-11-4, or South Carolina Rule of Civil Procedure 4.  As Plaintiffs have not accomplished valid service, the Court lacks personal jurisdiction over the Defendant at this point.

## II.    Failure to State a Claim for Relief Under Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

A court "considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id.* at 664. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint must nudge claims "across the line from conceivable to plausible." *Id.* at 680. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v.*

*Prime, Inc*., 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc*., 520 F.3d 1308, 1309 (11th Cir. 2008)).[2]

## ARGUMENT

### I.  Shellpoint has not been validly served with a summons and complaint.

The Tattnall Superior Court Docket shows that Plaintiffs have not requested, nor have they been issued, a summons as to Shellpoint. In fact, Plaintiffs' own Affidavit of Service filing confirms the absence of any summons. (*See id.* at p. 10, reflecting that the officer only served Shellpoint with a copy of the Complaint— not the Summons.) Accordingly, because there is no Summons, i.e. process, issued to Shellpoint and Shellpoint has not been served with a Summons in this action, there has not been sufficient process at this point and the Court lacks personal jurisdiction.

Moreover, Plaintiffs' attempted service of Shellpoint does not comply with Fed. R. Civ. P. 4 nor Georgia law. Shellpoint is a Limited Liability Company and

---

[2] The fact that the Plaintiffs are proceeding *pro se* does not save the claims addressed herein, as nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. *See Trawinski v. United Tech.*, 313 F.3d 1295, 1297 (11th Cir. 2002)); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency to *pro se* party "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action"). *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (courts do not have a "license to serve as *de facto* counsel for a party"); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("[A] district court does not have license to rewrite a deficient pleading.").

has a registered agent in Georgia.[3] Plaintiffs did not serve either the registered agent address in Georgia or even the out-of-state principal address reflected on the Secretary of State website, but rather a separate business address for Shellpoint in South Carolina and upon an individual Loan Administrator. (*Id.*) This is not proper service under Federal or Georgia law. Accordingly, should the Plaintiffs fail to accomplish valid service, the Complaint should be dismissed for insufficiency of service and lack of personal jurisdiction.

Additionally, Shellpoint was never served with the Summons and Complaint as required. It is well-established federal and Georgia law that the summons and complaint must be served together. *See* Fed. R. Civ. P. 4(c); *see also* O.C.G.A § 9-11-4(e). "Rule 4 (c) requires the complaint **and** summons to be served." *Barneman v. Int'l Longshoreman Ass'n*, No. 2:17-CV-51, 2018 WL 664817, at *4 (S.D. Ga. Feb. 1, 2018) (emphasis added) (dismissing complaint where plaintiff failed to served complaint without the summons); *see also Crispin v. State*, 360 Ga. App. 485, 488 (2021) ("service of summons, unless waived, is required to notify a defendant of an impending action and his duty to respond within a specified time. In the absence of either proper service of summons or a valid waiver thereof, the trial court lacks personal jurisdiction over the defendant."). "A defendant's actual

---

[3] Judicial notice can be taken of this fact under Fed. R. Evid. 201 as a matter not in dispute.

notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, as discussed above, Plaintiffs' process server only attempted service of the Complaint on Shellpoint—not the summons. (*See* Ex. A.) As described *infra*, the state court docket demonstrates that a summons has not even been issued in this action, so it could not have been served on Shellpoint. Plaintiffs' failure to serve Shellpoint with the summons does not comport with Fed. R. Civ. P. 4; O.C.G.A. § 9-11-4(e) ("the summons and complaint shall be served together"), or South Carolina Rule of Civil Procedure 4. Accordingly, should the Plaintiffs fail to satisfy the service requirements, this action should be dismissed for insufficiency of service and lack of personal jurisdiction.

## II. The Estate is not represented by counsel and cannot be represented by a *pro se* litigant; it therefore cannot assert claims in this action.

Under well-established federal law, Plaintiff Pamela Swain, who is proceeding *pro se* and is not a licensed attorney, <u>cannot</u> represent the Estate of Brenda Swain in litigation. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012)) (holding that non-lawyer executor was not permitted to proceed pro se on behalf of an estate); *see also Est. of Roseman v. U.S. Bank, N.A.*, No. 1:21-cv-02625-SDG-JCF, 2021 WL 9598415, at *1 (N.D. Ga. Nov. 5, 2021) ("[plaintiff], who is proceeding pro se and does not appear to be a licensed attorney, is attempting to represent the [Estate] in this action and asserts claims on

behalf of the Estate rather than on his own behalf. That is improper."). "Federal law only authorizes parties to 'conduct their own cases personally or by counsel.'" *Ferguson v. Midland Mortg. Co.*, No. 1:20-cv-03744-ELR-LTW, 2020 WL 9814115 at *1 (N.D. Ga. Sept. 15, 2020) (quoting 28 U.S.C. § 1654).

Plaintiffs' breach of contract, fraud, and wrongful foreclosure claims are based on contracts involving Brenda Swain or the Estate of Brenda Swain, not Plaintiff Pamela Swain. Accordingly, those claims, asserted on behalf of the Estate—not Plaintiff Pamela Swain, are improper and must be dismissed. *See Estate of Gates v. Select Portfolio Serv.*, No. 1:18-cv-00470-LMM-AJB, 2018 WL 4839792 at *5, 2018 U.S. Dist. LEXIS 220484 at *12-13 (N.D. Ga. July 24, 2018) (explaining that "[a]s an artificial entity, the Estate may not appear in this action pro se, that is, without a lawyer" and a nonlawyer may not represent the estate and recommending that Estate's claims be dismissed for failure to obtain an attorney as directed), *adopted by* 2018 WL 4839710, 2018 U.S. Dist. LEXIS 220486 (N.D. Ga. Aug. 15, 2018). Accordingly, the Estate and all claims brought on its behalf should be dismissed from this action.

### III.    Plaintiffs fail to state a claim for breach of contract, fraud, or wrongful foreclosure.[4]

#### A. Plaintiffs have not sufficiently pled a claim for breach of contract.

Plaintiffs have not sufficiently alleged breach of a contract between Plaintiffs and Shellpoint and therefore their breach of contract claim must fail. "The essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F.Supp.3d 1290, 1295 (N.D. Ga. 2015). Plaintiffs have not identified any provision that allegedly was breached by Shellpoint. Rather, they assert nondescriptly that Shellpoint canceled the flood insurance on the Property and that somehow constituted a breach of an unspecified contract. That does not cut it and the breach of contract claim should be dismissed. *See Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015) (holding that plaintiff failed to state a cause of action for breach of contract, based in part on an alleged breach of good faith and fair dealing, when she failed to identify "a specific contractual provision Defendant breached"); *Keizer v. MidFirst Bank*, No. 1:19-cv-3729-MLB, 2019 WL 13227518, at *2 (N.D. Ga. Dec. 30, 2019) (dismissing claim and stating "Plaintiff has not alleged how Defendants breached the contract").

---

[4] Shellpoint recognizes that jurisdictional questions are generally to be decided before reaching the merits. *See Republic of Panama v. BCCI Holdings (Luxembourg) SA*, 119 F.3d 935, 940 (11th Cir. 1997); *Courboin v. Scott*, 596 F. App'x. 729, 735 (11th Cir. 2014).

### B. Plaintiffs' fraud claim is not sufficiently pled.

All averments of fraud must be pleaded with particularity.  Fed. R. Civ. P. 9(b); *see also W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). The "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (citation omitted); *see also Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir.1985) (Rule 9(b) serves to "eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed").

Here, Plaintiffs have not identified any of the specifics necessary for a viable fraud claim. Further, the Complaint lacks any information describing what Shellpoint gained by the alleged fraud and the time and place of any alleged statement. Accordingly, because Plaintiffs' fraud claim does not satisfy the pleading requirements of Rule 9, the Court should dismiss it.

## C. Plaintiffs have not sufficiently pled a wrongful foreclosure claim.

Plaintiffs have <u>not</u> alleged that a foreclosure occurred. For that reason alone, Plaintiffs have no wrongful foreclosure claim.[5] "Under Georgia law, a party may not state a claim for wrongful foreclosure where no foreclosure sale actually has occurred." *Lesman v. Mortg. Electronic Regis. Sys., Inc.*, No. 2:12-CV-00023-RWS, 2013 WL 603895, at *4 (N.D. Ga. Feb. 19, 2013); *Humphrey v. JPMorgan Chase Bank, N.A.*, 787 S.E.2d 303, 332-33 (Ga. App. 2016); *Sparra v. Deutsche Bank Nat'l Trust Co.*, 336 Ga. App. 418, 420 (Ga. App. 2016).

Here, Plaintiffs do not allege that Shellpoint foreclosed on the Property, and, in fact, no sale has taken place. (*See generally* Doc. 1.) Instead, Plaintiffs claim that Shellpoint contacted attorneys to illegally foreclose on the Property. (Doc. 1, p. 3.) Contacting an attorney to foreclose on a home does not constitute a foreclosure sale and is certainly not a wrongful foreclosure or a violation of Georgia's foreclosure statute. Because Plaintiffs do not allege a foreclosure, their wrongful foreclosure claim must be dismissed.

---

[5] In order to establish a claim for wrongful foreclosure, one must demonstrate: (1) a legal duty owed to the plaintiff by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury it sustained; and (4) damages. *Essien v. CitiMortgage, Inc.*, 335 Ga. App. 727, 728 n.2, (2016) (citing *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Tr.*, 298 Ga. 221 (2015)).

## **CONCLUSION**

For these reasons, the Court should dismiss this action.


Respectfully submitted this 23rd day of June, 2025.

BRADLEY ARANT BOULT CUMMINGS LLP


*/s/ Jonathan J. Stuart*
Jonathan J. Stuart
Georgia Bar No. 337053
1230 Peachtree Street NE, 20th Floor
Atlanta, Georgia 30309
Telephone: 404-868-2100
jstuart@bradley.com
*Attorneys for Defendant NewRez, LLC d/b/a*
*Shellpoint Mortgage Servicing*

14

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

*/s/ Jonathan J. Stuart*

## CERTIFICATE OF SERVICE

I certify that I have on this day served a true copy of the foregoing Defendant's Motion to Dismiss by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Pamela Swain
1553 Community Rd
Glennville, Georgia 30427
Pamela_swain@yahoo.com

This 23rd day of June, 2025.

/s/ *Jonathan J. Stuart*

15