**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| PAMELA SWAIN; ESTATE OF BRENDA SWAIN, <br><br> Plaintiffs, <br><br> v. <br><br><br> NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No.:** <br> ) **6:25-cv-00053-RSB-CLR** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES**

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"), by and through its undersigned counsel, hereby moves this Court for an Order staying discovery and pretrial deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Georgia, pending a ruling on Defendant's Motion to Dismiss (Doc. 5.) In support of this Motion to Stay, Defendant states as follows:

**PROCEDURAL HISTORY**

On June 20, 2025, Defendant timely removed the action to this Court. (Doc. 1.) On June 23, 2025, Defendant filed a timely Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (4)-(5) for lack of personal jurisdiction, insufficiency of

1

process, and insufficiency of service of process, and Fed. R. Civ. P. 12(b)(6) asserting that Plaintiffs have failed to state a claim upon which relief can be granted. (Doc. 5.)

## ARGUMENT AND CITATION TO AUTHORITY

The Court has broad discretion to control discovery and other pre-trial deadlines. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (holding that courts have "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion in staying discovery because the court had "sufficient information before it upon which to rule").

Defendant's pending dispositive motion presents purely legal questions as the allegations in the complaint are presumed true. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Hunt v. Munlake Contractors, Inc.*, No. CV409-084, 2009 WL 10678628, at *1 (S.D. Ga. Oct. 14, 2009) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion, a stay of discovery appears to be

2

warranted."). Doing so is critical to a court's orderly and efficient management of the cases on its docket.

"Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Id*. (citation omitted). Where a dispute exists surrounding the sufficiency of a plaintiff's allegations to support his or her claim(s), a "purely legal question" is posed; "there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id*. (citation omitted). Accordingly, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id*. (citation omitted); *see also, e.g., James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (citing *Chudasama*; upholding the district court's decision "staying the proceedings, filings, and discovery until ruling on the Defendants' pending motions for judgment on the pleadings and motions to dismiss").

Because the Court's ruling on the pending Motion to Dismiss could dispose of the entire lawsuit, Defendant contends that it should not have to comply with any of the pretrial discovery requirements. The time and resources that Defendant and Plaintiff would expend in drafting initial disclosures, drafting a joint discovery report, responding to any discovery, and conducting a Rule 26(f) and Local Rule 26.1 conference will have been spent unnecessarily if the Court grants the Motion to Dismiss. *See Vallee v. Carolina Handling, LLC*, No. CV 110-167, 2011 WL

13216940, at *1 (S.D. Ga. Mar. 1, 2011) (granting stay of discovery where "stay discovery would be in the interest of judicial and party economy.").

As courts routinely find, a stay of discovery is warranted when the defendant has a motion to dismiss pending that challenges the legal sufficiency of the complaint. *See, e.g., Lindsay v. USAA Fed. Sav. Bank*, Civil No. 1:18-cv-2922-TCB-LTW (Doc. 11) (granting motion to stay discovery with a pending motion to dismiss); *Patel v. Capital One Financial Corp., et al.*, Civil No. 1:18-cv-3430-LMM-JFK (Doc. 46) (granting motion to stay discovery with pending motion to dismiss).

If the Court denies the Motion to Dismiss, the parties will not be prejudiced by awaiting the Court's decision on the Motion to Dismiss, but the parties should not undergo such efforts when it may prove to be moot after the decision of this Court.

Therefore, Defendant requests that the Court stay all discovery and pre-trial obligations in this matter until the Court rules on Defendant's pending Motion to Dismiss Plaintiff's Complaint. This temporary stay request would include staying all discovery and the deadlines for: (1) the Rule 26(f) conference (2) the parties' written discovery report, *see* LR 26.1(b); and (3) Initial Disclosures. Defendant proposes that the parties comply with those deadlines within 30 days of the Court's final ruling on the Motion to Dismiss.

## **CONCLUSION**

Defendant respectfully requests that the Court grant the Motion to Stay all Discovery and Pre-Trial Deadlines. A proposed order is enclosed for the Court's consideration.

Respectfully submitted this 26th day of June, 2025.

BRADLEY ARANT BOULT CUMMINGS LLP


*/s/ Jonathan J. Stuart*
Jonathan J. Stuart
Georgia Bar No. 337053
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
Telephone: 404-868-2100
jstuart@bradley.com
*Attorneys for Defendant NewRez, LLC d/b/a*
*Shellpoint Mortgage Servicing*

# **CERTIFICATE OF SERVICE**

I certify that I have on this day served a true copy of the foregoing

Defendant's Motion to Stay by depositing a copy of the same in regular U.S. Mail,

with adequate first-class postage affixed thereto, addressed as follows:

Pamela Swain
1553 Community Rd
Glennville, Georgia 30427
Pamela_swain@yahoo.com

This 26th day of June, 2025.

/s/ Jonathan J. Stuart
Jonathan J. Stuart
Georgia Bar No. 337053

6