**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| PAMELA SWAIN; ESTATE OF BRENDA SWAIN | ) | |
| Plaintiffs, | ) | |
| | ) | Case Number: SUV2025000058 |
| v. | ) | |
| SHELLPOINT MTG, "Newrez" | ) | |
| Defendants. | ) | |

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2025 JUN 30 A 11:07
CLERK
SO. DIST. OF GA.

**AMENDED COMPLAINT**

The plaintiffs, Pamalia Swain and the Estate of Brenda Swain, have received the Notice of Removal to Federal District Court. The plaintiffs would like to remind the Defendant of a few laws in the State of Georgia and United States that are applicable to all civil complaint cases submitted in this state and country.

***State of Georgia Civil Procedure:***

2024 CODE OF GEORGIA, Title 9 - CIVIL PRACTICE (§§ 9-1-1 — 9-17-14) Chapter 11 - CIVIL PRACTICE ACT (§§ 9-11-1 — 9-11-133)

Article 2 - COMMENCEMENT OF ACTION AND SERVICE (§§ 9-11-3 — 9-11-6)Section 9-11-4 - Process,

**Justia.com** states that:

**(c)Summons - By whom served.** Process shall be served by:
**(1)** The sheriff of the county where the action is brought or where the defendant is found or by such sheriff's deputy;
**(2)** The marshal or sheriff of the court or by such official's deputy;
**(3)** Any citizen of the United States specially appointed by the court for that purpose;
**(4)** A person who is not a party, not younger than 18 years of age, and has been appointed by the court to serve process or as a permanent process server; or
**(5)** A certified process server as provided in Code Section 9-11-4.1.
(https://law.justia.com/codes/georgia/title-9/chapter-11/article-2/section-9-11-4/)

The court will find that the first lawsuit, Case Number 2024-V-206-CR, was filed (no monetary demand requested) service was attempted by the Gwinnett county Sheriff's department to Rubin and Lublin, LLC, the law firm who state on record that they were Shellpoint/Newrez representing attorneys. The law firm refused to take the summons, however, that lawsuit was filed in part because the law firm and company refused to take any mortgage payments from the plaintiffs. They took the payment January 8, 2025. The Gwinnett County Sheriff's notice is on file.

The second filed civil complaint, Case Number 2025-V-58-CR, was filed when the plaintiff realized that the property taxes had not been paid according to the original Fannie Mae contract signed in 2003 by the Estate. Not only did they breach the contract, the company attempted to engage in mail fraud by contacting the local post office to hold the notice. Had the plaintiff not had Informed Delivery, the plaintiff would have not known about the property tax not being paid by Shellpoint/Newrez, and would have been foreclosed without the plaintiff and the Estate's knowledge. A new complaint was filed, and Shellpoint properly served according to the state of Georgia. The sheriff returned the signed service document thus serving Shellpoint properly and the original is available.

***The legality of pro se***

The United States and the State of Georgia have always allowed for Pro se plaintiffs. In Elmore v. McCammon, 1986, 640, Supp 905, the court states that "The right to file a lawsuit pro se is one of the most important rights under the Constitution and law." Another case, Puckett v. Cox. 456 F. 2d, 233 1972, further explains, "It was held that a pro se complaint requires a less stringent reading than the one drafted by the lawyer. Per Justice Black in Conley v. Gibson." And finally, Jenkins v. McKeithen, 395 U.S., 411 1959;

Picking v. Pennsylvania R Co, 151 Fed 2nd 240; Puckett v. Cox 456 2nd 233 states, "Pro se pleadings are to be considered without regard to technicality, pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers."

At the very least, the 6th amendment of the Constitution allows criminals to represent themselves in court, one would think that a law abiding citizen should be allowed to defend themselves against crimes being committed against them in a civil matter.

***Continued discovery***

The plaintiff wishes to continue discovery in the case.

***Conclusion***

The plaintiffs have no confidence in Shellpoint Newrez's ability to comply with a mortgage contract. In the last 18 months, there has been stunt after stunt attack after attack, from both Truist and Shellpoint. This has severely affected the finances ESTATE and the inheritor of said estate, Pamela Swain. The deed is in the inheritor's name. The extreme criminal lengths these people have gone are quite astounding. The court would be

remiss not to sanction Newrez and even Truist in their business dealings of deception and unfairness. This is why there is an amount of $2,000,000 restitution to this complaint. It is a monetary punishment for the continued criminal acts and negligence of this company. This type of behavior destroys the confidence of the people of Georgia and the United States in attempting to be homeowners and securing a mortgage in the future.

Pamalia (Pamela) Swain
1553 Community Rd
Glennville, GA, 30427
Pamela_swain@yahoo.com
Pamela.swain1977@gmail.com
912-789-5417

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$10.10
Origin: 30427
06/25/25
1236190496-06

PRIORITY MAIL®

0 Lb 2.20 Oz
RDC 03

EXPECTED DELIVERY DAY: 06/28/25

B005

SHIP TO:
PO BOX 8286
SAVANNAH GA 31412-8286

USPS TRACKING® #
9505 5122 5927 5176 3534 02

UNITED STATES POSTAL SERVICE®

...ed delivery date sp...
...tic shipments inclu...
...racking® service in...
...international insura...
...sed internationally, ...ons.
...does not cover certain ite...
...ail Manual at http://pe.us...
...national Mail Manual at h...

...T RATE E...
...TE ■ ANY WEIGHT
...CKED ■ INS...

S00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH
how2recycle.info

FROM: P. Swain
1553 Community Rd
Glennville GA 30427

U.S. Marshals Service/SGA
JUN 30 2025
INSPECTED BY

TO:

US District Court
Southern Division
PO Box 8286
Savannah, GA, [illegible] 31412