**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| **PAMELA SWAIN; ESTATE OF BRENDA SWAIN,** ) ) ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | **6:25-cv-00053-RSB-CLR** |
| ) ) ) | |
| **NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,** ) ) ) ) | |
| ) | |
| **Defendant.** | |

**DEFENDANT NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE
SERVICING'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' AMENDED AND SECOND
AMENDED COMPLAINTS**

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing (hereinafter "Shellpoint" or "Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), files this Memorandum in Support of its Motion to Dismiss Plaintiffs' Amended Complaint, Doc. 7 (hereinafter the "Amended Complaint"), and Plaintiffs' "Amended Complaint with a New Charge and a Detailed Report for Discovery," Doc. 8 (hereinafter, the "Second Amended Complaint").

Plaintiffs' Amended Complaint and Second Amended Complaint demonstrate why this action must be dismissed at the pleading stage. Plaintiffs failed to cure any

1

of the fatal errors related to service, process, and the sufficiency of their pleadings with these amended filings. Shellpoint still has not been served, summons still has not been issued, the and the Court still lacks personal jurisdiction over Shellpoint. Plaintiffs further have not set forth new allegations related to, or amended in any way, their original claims for breach of contract, fraud, or wrongful foreclosure to assert a viable claim for relief against Shellpoint. Plaintiffs' Amended and Second Amended Complaints must therefore fail for the same reasons as the Original Complaint.

In addition, Plaintiffs' new claim for violation of the Privacy Act, asserted in the Second Amended Complaint, is baseless. Shellpoint is obviously not a government agency. Only government entities can be held liable under the Privacy Act. Further, Plaintiffs did not allege any facts or provide any basis that Shellpoint disclosed any of their protected information to anyone. Rather, Plaintiffs ask this Court to have Shellpoint turn over a list of people who inquired about Plaintiffs' mortgage account, whatever that means, so they can hunt for alleged violations. It's nonsense.

Plaintiffs' request to open discovery at this time must be denied. A ruling on Shellpoint's June 23, 2025, Motion to Dismiss, Doc. 5, and the instant Motion to Dismiss Plaintiffs' Amended and Second Amended Complaints will dispose of this

entire action. In that case, participating in discovery would be a waste of the Court and the parties' time and resources.

This action is meritless and nothing more than a misguided campaign against a mortgage loan servicer. Plaintiffs' amendments change nothing. This Court should dismiss this action and not permit this baseless campaign continue.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiffs initiated this action by filing suit against Shellpoint in the Superior Court of Tattnall County, Georgia on March 31, 2025. Plaintiffs generally allege in the Original Complaint that Shellpoint canceled a flood insurance and failed to pay property taxes related to the property that is the subject of the Original Complaint and that these actions constitute breach of contract, fraud, and wrongful foreclosure. (*See generally* Doc. 1-1.)

Relevant to this Motion is that Shellpoint filed its Motion to Dismiss on June 23, 2025, seeking to dismiss all of Plaintiffs' claims in this action for insufficient process, insufficient service of process, lack of personal jurisdiction, and failure to state a claim of relief for breach of contract, fraud, or wrongful foreclosure. (*See* Doc. 5.) Three days later, on June 26, 2025, Shellpoint moved to stay discovery and pre-trial motions pending a ruling on its Motion to Dismiss. (*See* Doc. 6.)

On June 30, 2025, Plaintiffs filed an Amended Complaint. (*See* Doc. 7.) Therein, Plaintiffs attempt to educate the Court and Shellpoint about Georgia civil

3

procedure and about how the Court should view their pleadings. (Doc. 7 at pp. 1-4.) Plaintiffs also state that they want to conduct discovery. (Doc. 7 at p. 4.) Plaintiffs did not assert any additional claims in the Amended Complaint, nor did they add additional allegations related to their claims for breach of contract, fraud, or wrongful foreclosure. Plaintiffs also did not cure the service and process of service issues in this case.

A day later, on July 1, 2025, Plaintiffs filed their Second Amended Complaint. (*See* Doc. 8.) Therein, Plaintiffs assert a new claim against Shellpoint for breach of the Privacy Act of 1974. (Doc. 8, p. 1). However, Plaintiffs do not plead any facts supporting this claim or the breach of contract, fraud, and wrongful foreclosure claims in their Original Complaint. (*See generally* Doc. 8.) Rather, they asked the Court to allow them to seek discovery from Shellpoint from 2016 to present to determine whether Shellpoint disclosed their personal information improperly. (Doc. 8, p. 3.) Plaintiffs assert that their damages would double from 2 million dollars to 4 million dollars, if any breach of their information occurred.

## **CITATION TO LEGAL AUTHORITY**

Plaintiffs have not cured any of the service and service of process issues in this case. (*See generally* Docs. 7 & 8.) The Amended and Second Amended Complaints also do not include any allegations related to Plaintiffs' claims for breach of contract, fraud, or wrongful foreclosure. (*See generally* Docs. 7 & 8.) Although

4

Plaintiffs have not incorporated the allegations from their Original Complaint into the Amended and Second Amended Complaint, out of an abundance of caution, Shellpoint incorporates as if fully stated herein the arguments from Shellpoint's Motion to Dismiss filed June 23, 2025, Doc. 5, and its Motion to Stay Discovery and Pre-Trial Deadlines. (*See* Doc. 6.) In this Motion, Shellpoint address only the new Privacy Act claim asserted by Plaintiffs in the Second Amended Complaint.

## I.   Failure to State a Claim for Relief Under Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

A court "considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id.* at 664. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint must nudge claims "across the line from conceivable to plausible." *Id.* at 680. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Dismissal for failure to

state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).[1]

## **ARGUMENT**

### **I.    The Privacy Act does not apply to Shellpoint.**

"Congress enacted the Privacy Act 'to protect the privacy of individuals identified in government information systems….'" *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) (citing Cochran v. United States, 770 F.2d 949, 954 (11th Cir.1985)). "The Privacy Act imposed upon **federal agencies** an array of record-keeping obligations to prevent unauthorized disclosures of confidential information." *Id.* (emphasis added). "[T]he Privacy Act contains a catch-all provision allowing an individual to bring a civil suit when an **agency** 'fails to

---

[1] The fact that the Plaintiffs are proceeding *pro se* does not save the claims addressed herein, as nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. *See Trawinski v. United Tech.*, 313 F.3d 1295, 1297 (11th Cir. 2002)); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency to *pro se* party "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action"). *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (courts do not have a "license to serve as *de facto* counsel for a party"); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("[A] district court does not have license to rewrite a deficient pleading.").

comply' with the Privacy Act 'in such a way as to have an adverse effect on an individual.'" *Id.* (emphasis added) (citing 5 U.S.C. § 552a(g)(1)(D)).

The Privacy Act applies to government agencies, not private entities like Shellpoint. *See generally* 5 U.S.C. § 552; *see also Speaker*, 623 F.3d at 1381. Plaintiffs do not allege that Shellpoint is a government Agency. (*See generally* Docs. 1, 7, & 8.) That is because Shellpoint is not a government agency; it is a private mortgage servicer. (Doc. 1-1, p. 3.) Because Shellpoint is not a government agency, the Privacy Act does not apply to it. *See generally* 5 U.S.C. § 552. Any claims by Plaintiffs against Shellpoint arising out of the Privacy Act therefore fail as a matter of law.

The remainder of Plaintiffs' Amended and Second Amended Complaints do not assert any other claims, causes of action, or substantive allegations.

## CONCLUSION

For these reasons, and the reasons asserted in Shellpoint's Motion to Dismiss, Doc. 5, and the instant Motion to Dismiss the Amended and Second Amended Complaints, the Court should dismiss this action.

Respectfully submitted this 14th day of July, 2025.

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Jonathan J. Stuart*
Jonathan J. Stuart
Georgia Bar No. 337053
1230 Peachtree Street NE, 20th Floor
Atlanta, Georgia 30309
Telephone: 404-868-2100
jstuart@bradley.com
*Attorneys for Defendant NewRez, LLC d/b/a*
*Shellpoint Mortgage Servicing*

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served a true copy of the foregoing Defendant's Motion to Dismiss Plaintiffs' Amended and Second Amended Complaints by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Pamela Swain
1553 Community Rd
Glennville, Georgia 30427
Pamela_swain@yahoo.com

This 14th day of July, 2025.

/s/ *Jonathan J. Stuart*
Jonathan J. Stuart