**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| PAMELA SWAIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV625-053 |
| | ) | |
| NEWREZ, LLC, d/b/a Shellpoint Mortgage Servicing, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Chief Judge Baker recently addressed the operative pleading in this case and granted a stay of all deadlines, including discovery deadlines, pending disposition of a Motion to Dismiss that pleading. *See generally* doc. 10. Plaintiffs have filed a Motion objecting to a Motion to Dismiss,[1] and asking the Court to grant Plaintiffs' requested relief summarily, to "refer [Defendant and several individuals] to the Department of Justice for criminal charges," and "to continue discovery . . . ." *See generally* doc. 11. However, the Chief Judge's Order staying deadlines renders the

[1] It is not clear from the Plaintiffs' Motion whether the objection concerns the original Motion to Dismiss, which was addressed in Chief Judge Baker's Order, *see, e.g.,* doc. 5, or the pending Motion to Dismiss, doc. 9. *See* doc. 11 at 1.

request concerning discovery moot. It is, therefore, **DENIED**.[2] Doc. 11, in part. Plaintiffs' request that "the Court . . . rule in the Plaintiff's favor," immediately is unmoored from any discernable legal authority and is also, therefore, **DENIED**. Doc. 11, in part; *see, e.g.,* S.D. Ga. LR 7.1(a) ("[E]very motion filed in civil proceedings shall cite to supporting legal authorities.").

Plaintiffs' attempt to initiate a criminal prosecution exceeds this Court's authority. Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R.,* 410 U.S. at 619)); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See, e.g., Inmates*

[2] The postmark on Plaintiffs' Motion indicates that it was mailed on July 18, 2025. *See* doc. 11 at 4. It, therefore, appears that Plaintiffs could not have known about the Chief Judge's Order staying deadlines when it was prepared and sent. *See* doc. 10 (entered July 22, 2025).

*of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case."). To the extent that the Motion seeks to initiate a criminal prosecution, it is, therefore, **DISMISSED**. Doc. 11, in part.

The District Judge directed "Plaintiffs to file any response in opposition to the Defendant's motion for a dismissal or inform the court

of their decision not to oppose Defendant's motion within twenty-one (21) days of the service of that motion. [Cit.] Should Plaintiffs not timely respond to Defendant's Motion, the Court will determine that Plaintiffs do not oppose the motion. [Cit.]." Doc. 10 at 4 (citations omitted). Nothing in this Order alters Plaintiffs' obligation to comply with the Chief Judge's Order.

**SO ORDERED,** this 24th day of July, 2025.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA