**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| **PAMELA SWAIN; ESTATE OF BRENDA SWAIN,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No.: 6:25-cv-00053-RSB-CLR** |
| **NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND A MOTION FOR A TEMPORARY RESTRAINING ORDER**

## I. Introduction

Defendant has a Motion to Dismiss pending the *pro se* Plaintiffs' Amended Complaint. On July 22, 2025, the Court issued an Order prohibiting Plaintiffs from filing any further amendments to their pleadings without first seeking leave and staying discovery in this matter (Doc. 10, p. 1). Despite this clear order from the Court to withhold further filings, Plaintiffs continue their pattern of frivolous submissions.

Plaintiffs' latest submission filed December 12, 2025, and titled "Complaint for Injunctive Relief and a Motion for A Temporary Restraining Order" (the

"Motion for TRO"), seeks to enjoin any future foreclosure on the property that is the subject of this lawsuit, 1553 Community Rd, Glennville, Georgia 30427 (the "Property").[1] (Doc. 25). Plaintiffs' two-page Motion for TRO must be denied because it fails to establish any of the elements for the extraordinary remedy of injunctive relief and also fails to even mention the offer any security for the requested injunction.

## II. Legal Standard

A plaintiff requesting a temporary restraining order or preliminary injunction under Fed. R. Civ. P. 65 must establish that: (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if relief is not granted as there is no adequate remedy at law; (3) the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) the entry of the requested relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Cataldi v. N.Y. Cmty. Bank*, 1:13-cv-3972-RWS-JSA, 2014 WL 359954, at *1-2 (N.D. Ga. Feb. 3, 2014); *Montoya v. Branch Banking & Trust Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *8 (N.D. Ga. Mar. 9, 2012). The standard for issuance of a TRO is identical to that for the

[1] In addition to filing several unauthorized complaints, Plaintiffs have filed several Motions for Hearing. (*See* Docs. 19, 20, 21, 22, 23, and 26). Whether to set a hearing is within the Court's sound discretion and Defendant submits that a hearing is not necessary to address Plaintiffs' meritless allegations.

issuance of a preliminary injunction. *Windsor v. United States*, 379 F. App'x. 912, 916-17 (11th Cir. 2010).

A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant carries the burden of persuasion as to each of the four prerequisites. *See Morgan Stanley BW, Inc. v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001); *Sanford v. Aldridge Connors, LLP*, Civ. No. 1:15-cv-1851-MHC, 2015 WL 11439081, at *2 (N.D. Ga. July 23, 2015) (denying motion for temporary restraining order); *Blake v. Bank of Am., N.A.*, Civ. No. 1:14-CV-3252-TWT, 2015 WL 4756773, at *7–8 (N.D. Ga. Aug. 12, 2015) (denying temporary restraining order where there was no likelihood of success on the merits and failure to tender security). The decision as to whether a plaintiff has carried her burden "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." *Int'l Cosmetics Exch., Inc. v. Gapardis Health and Beauty, Inc*., 303 F.3d 1242, 1246 (11th Cir. 2002).

## III. <u>Argument and Citation to Authority</u>

**Plaintiffs cannot establish any of the requirements for injunctive relief under Fed. R. Civ. P. 65.**

**1. Plaintiffs do not have a substantial likelihood of success on the merits.**

As set forth more fully in Defendant's Motion to Dismiss (Doc. 5) Plaintiffs have not pleaded any viable causes of action in any of the complaints filed to date.

Accordingly, they cannot demonstrate a substantial likelihood of success on the merits to warrant injunctive relief. Defendant hereby adopts and incorporates by reference all the arguments and authorities in the Motion to Dismiss and the accompanying memorandum. (Doc. 5).

"Likelihood of success on the merits is 'generally the most important element' of the preliminary injunction standard." *Roberts v. Barrett Daffin Frappier Turner & Engel, LLP*, 1:24-cv-4682-SEG, 2024 WL 5710751, at *1 (N.D. Ga. Oct. 25, 2024). Plaintiffs cannot establish a likelihood of success on the merits of any claim they have alleged against Defendant because none of the complaints or amended complaints allege a viable claim for relief. As discussed fully in Defendant's Motion to Dismiss, Plaintiffs (1) have not identified an agreement between Plaintiffs and Shellpoint that Shellpoint is alleged to have breached, (2) have not pled fraud with particularity, (3) assert a fraud claim against Shellpoint with no supporting facts, and (4) assert a wrongful foreclosure claim against Shellpoint for a foreclosure that never happened and is not currently scheduled to happen. Plaintiffs have fallen well short of demonstrating a *substantial likelihood* of success on the merits of any of her claims, and, therefore, their TRO must be denied. *See Roberts*, 2024 WL 5710751, at *3 ("Because Plaintiffs have failed to demonstrate a substantial likelihood that they will succeed on the merits of any claim, the motion for TRO fails"); *Hull v. Spalding*, Civil No.

1:25-cv-01598-SEG, 2025 WL 2271995, at *4 (N.D. Ga. Apr. 10, 2025) ("Because Plaintiff has failed to demonstrate a substantial likelihood that he will succeed on the merits of any claim, the motion for a TRO cannot succeed").

Because Plaintiffs have no viable claims and have no likelihood of success on the merits, the TRO must be denied.

**2. Plaintiffs cannot show that they will be irreparably harmed.**

Additionally, Plaintiffs allege no harm and cannot demonstrate that they will suffer irreparable injury if their request for an injunction is denied because they can pursue monetary damages, if they were to have any legitimate claims. *See Caban v. Rushmore Loan Mgt. Services*, Civil No. 1:18-cv-393-MHC, 2018 WL 8545853, at *2 (N.D. Ga. Jan. 26, 2018) (denying TRO where plaintiff failed to allege there was any imminent threat of irreparable injury); *see also Fitzgibbons v. Saxon Mortg. Servs., Inc.*, No. 1:11-CV-3722-RLV-JFK, 2011 WL 13224227, at *2 (N.D. Ga. Nov. 28, 2011), report and recommendation adopted, No. 1:11-CV-3722-RLV, 2011 WL 13224226 (N.D. Ga. Dec. 21, 2011) (citing *Pimental v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3398789, at *3 (S.D. Cal. October 20, 2009) ("Regardless of whether foreclosure constitutes an irreparable harm, wrongful eviction from an unowned property can be compensated through monetary relief. Therefore, even if plaintiffs were likely to prevail on the merits, their motion for a temporary restraining order would still be DENIED.") (emphasis in original)). As

such, it is simple and straightforward: there is no potential for irreparable injury of any kind as to warrant any injunctive action by the Court.

**3. Plaintiffs have not tendered security.**

Plaintiffs have not offered to tender any amount for security as required for a temporary restraining order pursuant to Fed. R. Civ. P. 65. This is fatal to any possible injunctive relief. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order ***only if the movant gives security*** in an amount the court considers proper …"(emphasis added)); *Kenney v. PennyMac Home Loans*, No. 1:15-cv-03632-ELR-AJB, 2016 WL 11576914, at *1 (N.D. Ga. Feb. 29, 2016) (denying TRO where the "Plaintiff has not tendered or offered to tender security to satisfy this [Rule 65(c)] requirement"); *Cataldi*, 2014 WL 359954, at *3; *Sanford*, 2015 WL 11439081, at *2 (denying TRO based on the simple fact that the plaintiff made no tender of any security).

Plaintiffs' Motion for TRO makes no mention of any offered security, and necessarily fails as to this essential element to warrant denial of the Motion.

**4. No Public Interest**

As an initial matter, as of the date of this filing no foreclosure sale is scheduled. Further, any prospective foreclosure sale in the future would be a common foreclosure sale where no public interest involved. Plaintiffs have failed to carry their burden of establishing all four elements necessary to receive the

extraordinary relief of a preliminary injunction. For those reasons, their request for a temporary restraining order should be denied.

**Conclusion**

For the foregoing reasons, Plaintiffs' request for a temporary restraining order should be denied.

Respectfully submitted this 24th day of December, 2025.

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Jonathan J. Stuart*

Jonathan J. Stuart
Georgia Bar No. 337053
Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
Telephone: 404-868-2100
jstuart@bradley.com
*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

*/s/ Jonathan J. Stuart*

## CERTIFICATE OF SERVICE

I certify that I have on this day served a true copy of the foregoing Defendant's Response to Plaintiffs' Motion for Permanent Injunction and Temporary Restraining Order by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Pamela Swain
1553 Community Rd
Glennville, Georgia 30427
Pamela_swain@yahoo.com

This 24th day of December, 2025.

*/s/ Jonathan J. Stuart*
Jonathan J. Stuart
Georgia Bar No. 337053